UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| INFO LABS, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-684 (RC) |
| | : | | |
| v. | : | Re Document No.: | 26 |
| | : | | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | : : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

### I.  INTRODUCTION

Before the Court is Plaintiff Info Labs, Inc.'s Motion for Attorneys' Fees and Costs under the Equal Access to Justice Act seeking $16,638.75 in attorneys' fees and $565.10 in other costs. This motion comes three months after the parties filed a Stipulation of Dismissal dismissing Plaintiff's prior action jointly, voluntarily, and with prejudice.  Defendants respond with their motion in opposition and supporting memorandum.  Because the Court finds Plaintiff's Fee Motion to be time-barred by statute and applicable Rules of Procedure, the Court denies the Plaintiff's Motion for Attorneys' Fees and Costs.

### II.  FACTUAL BACKGROUND

On November 11, 2017, Info Labs, Inc. ("Info Labs" or "Plaintiff"), filed a H-1B petition with supporting documentation for its Computer Systems Analyst, whom Info Labs believed to eligible for the visa as a holder of a "specialty occupation" under relevant law.  Compl. ¶ 6, ECF No. 1.  Six months later, Defendant United States Customs and Immigration Services ("USCIS") determined that Info Labs had not met its evidentiary burden and requested additional supporting

materials.  Mem. Op. at 3, ECF No. 24.  Info Labs responded with additional materials, including an expert opinion, excerpts from Department of Labor publications, and job postings for similar roles at similar companies.  Mem. Op. at 2–3.  Nonetheless, USCIS denied the visa petition, claiming the four statutory requirements to establish the Computer Systems Analyst as a "specialty occupation" were all unmet.  Mem. Op. at 4.

Info Labs sought review of the agency's decision in this Court under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and subsequently brought a motion for summary judgment in August 2019.  See Compl.; Pl.'s Mot. Summ. J., ECF No. 11.  Defendants responded with a cross-motion for summary judgment.  See Def.'s Cross-Mot. Summ. J., ECF No. 12; Mem. Op. at 1.  On March 31, 2020, the Court granted Info Labs's motion and denied Defendants', and remanded the matter to the agency to be reviewed and reconsidered within ninety days.  See Mem Op.  USCIS complied, reopened the matter, and granted Info Labs's H1-B visa petition on April 24, 2020.  See Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs ("Opp'n") at 2, ECF No. 27.  Because Info Labs obtained the agency-level relief it sought, the parties agreed to dismiss the civil case in this Court.  The Stipulation of Dismissal disposing of the action "in its entirety with prejudice" and "resolv[ing] all claims in the action" was filed on April 29, 2020.  Stipulation of Dismissal (the "Dismissal") at 1, ECF No. 25; see Fed. R. Civ. P. 41(a)(1)(A)(ii).

Ninety-two days later, on July 31, 2020, Info Labs filed the instant Motion for Attorneys' Fees and Costs and accompanying Petitioner's Memorandum of Points and Authorities in Support of its Motion for Attorneys' Fees under the Equal Access to Justice Act ("Fee Motion"), ECF Nos. 26, 26-1.  Info Labs made no motion for an extension of the time to file the Fee Motion and pleads no circumstances that would prompt the Court to grant an equitable extension

*sua sponte*.  Defendants filed their opposition to the Fee Motion, *see* Opp'n, on August 13, 2020, but Info Labs did not file a reply in response.  The time to file a reply elapsed on August 20, 2020.  *See* D.D.C. Civ. R. 7(d).

### III.  ANALYSIS

#### A.  Legal Standard

The Equal Access to Justice Act ("EAJA") is a rare exception to the general rule of sovereign immunity that bars plaintiffs from recovering attorneys' fees in suits against the government.  "Attorney's fees and costs may be awarded against the United States only when, under a particular statute, the government has waived its sovereign immunity." *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990).  Under this particular statute,

> . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

A party seeking attorneys' fees and costs incurred in a civil suit against the United States for review of an agency action shall: (1) submit an application for fees to the court within thirty days of final judgment in the action; (2) which shows they are the prevailing party; (3) alleges the position of the government was not substantially justified; (4) shows they are eligible to receive the award; and (5) shows the amount sought, including itemized statements of time expended by counsel.  *Id.* § 2412(d)(1)(B).

If the party bringing the motion meets these five elements[1] and the net worth requirement, *id.* § 2412(d)(2)(B), the court must award attorneys' fees and reasonable costs, *id.* § 2412(d)(1)(A). Fees are calculated at the prevailing market rate for the kind and quality of the services rendered, *id.*, and shall not exceed $125 an hour unless the court finds adjustment justified by cost of living or a special factor, *id.* § 2412(d)(2)(A)(ii).

### B.  Analysis

Defendants argue that the Fee Motion is untimely, and should be denied, because it was filed ninety-eight days[2] after the Stipulation of Dismissal. Opp'n at 1, 4–5. Defendants do not argue that the Dismissal was unappealable (despite arguing that it was so final that even a fee motion could not be brought), but argue that the EAJA statutory period to seek fees combined with the time allowed for an appeal expired on July 29, 2020. Opp'n at 5. The statute is silent on the deadline to seek costs, so Defendants apply the Local Rules to find that a motion for costs is also untimely because it is brought more than twenty-one days after the entry of final judgment. Opp'n at 5–6.

---

[1] An award of costs and attorneys' fees is not a judgment on the merits of an action, but rather "independent proceedings supplemental to the original proceeding." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990). "Thus, even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees." *Id.* (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 n.13 (1982)). Although the case has been dismissed with prejudice, this Court could arguably still consider supplemental proceedings that do not seek modification of the final order entered. Given that the Court denies the fee application on another basis, it need not determine whether the joint dismissal "resolving all claims in the action" bars the request for fees and costs.

[2] By the Court's calculation, it was ninety-two days between the dismissal on April 29 and the motion filing on July 31.

1. The EAJA Statutory Period is Strictly Construed

Info Labs's application for fees under the EAJA must be brought within the statutory time period of "thirty days following entry of final judgment." *See* 28 U.S.C. § 2412(d)(1)(B). The thirty-day window, during which Congress has created a limited waiver of sovereign immunity, must be strictly construed and no exceptions inferred. *E.g.*, *Action on Smoking & Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 225 (D.C. Cir. 1984); *see also Soriano v. United States*, 352 U.S. 270, 276 (1957) ("[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."). A divided Supreme Court has since rejected the argument that "§ 2412's waiver of sovereign immunity" requires "meticulous compliance with each and every § 2412(d)(1)(B) requirement within 30 days" and allowed a private party to amend their—timely—fee motion to cure a pleading defect out-of-time. *Scarborough v. Principi*, 541 U.S. 401, 402–03 (2004). The Court left open whether the EAJA period could be subject to equitable tolling. *Id.* at 420–21 n.8. *But see Young v. SEC*, 956 F.3d 650, 654 (D.C. Cir. 2020) (analyzing flexible claims-processing deadlines as distinguished from "jurisdictional deadlines[,] which cannot be equitably tolled").

Historically, the D.C. Circuit has held that EAJA's thirty-day limit "is not simply a statute of limitations, but a jurisdictional prerequisite to liability" that must be "strictly construed." *Action on Smoking & Health*, 724 F.2d at 225. But, as the *Action on Smoking & Health* court noted, even if the time limit were subject to equitable tolling, waiver, and estoppel, a request is still time-barred when the plaintiff offers no justification or excuse for its delay. *Id.* at 225–26. The Court is not compelled to rule on equitable tolling here, because Info Labs has neither acknowledged nor excused its failure to file this motion in a timely fashion. With no equitable reason not to do so, the Court adopts a strict construal of the thirty-day statutory period

in this case. Info Labs's motion had to be filed on or before May 29, 2020, or at the very latest, July 29, 2020, to be timely.

### 2. The EAJA Period Ran from Entry of Stipulation of Dismissal

The EAJA thirty-day period "begins to run only when a judgment is 'no longer contestable through the appellate process.'" *Mass. Union of Public Housing Tenants, Inc. v. Pierce*, 755 F.2d 177, 180 (D.C. Cir. 1985) (quoting *McDonald v. Schweiker*, 726 F.2d 311, 313 (7th Cir. 1983)). In *Haase v. Sessions*, the D.C. Circuit held that a stipulation of dismissal with prejudice was appealable, and thus the EAJA period began sixty days after the dismissal, specifically because the appellant had expressly requested dismissal *without* prejudice. 893 F.2d 370, 376 (D.C. Cir. 1990). In *Haase*, the plaintiff's explicit, on-the-record objection to dismissal without prejudice was dispositive on the dismissal's appealability. *Id.* at 373, 376. But Info Labs made no objection to dismissal with prejudice and does not allege otherwise. *See* Dismissal; Pl.'s Proposed Order, ECF No 26-2. To the contrary, it was a joint stipulation of dismissal with prejudice. Therefore, because neither party objected to the dismissal with prejudice, it would appear to be a non-appealable final judgment. A "judgment that is final and not appealable" constitutes a "final judgment" that begins the EAJA period. 28 U.S.C. § 2412(d)(2)(G). Thus, the clock appears to have started on April 29, 2020, and expired on May 29, 2020. But, because the fee application is untimely regardless, the Court need not decide the issue.

### 3. Even if the Dismissal is Appealable, the EAJA Period has Expired

Even if the Dismissal is appealable, the Fee Motion is untimely. Allowing the generally applicable timeframe for appeal to elapse, even if the particular appeal might be non-justiciable,

6

is favored[3] from a prudential perspective when appealability is unclear in any given case. *See Adams v. SEC*, 287 F.3d 183, 191 (D.C. Cir. 2002) (adopting a bright-line presumption of appealability where it was ambiguous because the dismissal did not specify with or without prejudice).[4] Accepting without concluding that a voluntary dismissal of an APA review action is generally appealable, even though this order *did* unambiguously specify that the dismissal was with prejudice, Info Labs had to notice an appeal within sixty days of the judgment: on or before June 29, 2020. *See* Fed. R. App. P. 4(a)(1)(B)(ii). A district court may grant an extension on motion showing excusable neglect or good cause, Fed. R. App. P. 4(a)(5)(i)–(ii), but Info Labs has not made any such motion. The time to appeal expired June 29, 2020, and "[t]he EAJA allows for the filing of attorneys' fees within thirty days after the expiration of the time to appeal." *Douglas v. Baker*, 809 F. Supp. 131, 132 n.1 (D.D.C. 1992). Therefore, the EAJA clock began to run, at the very latest, on June 29, 2020, and expired on July 29, 2020. The Fee Motion, filed July 31, 2020, is untimely. *See* Fed. R. Civ. P. 6(a)(1).

4. There are no Grounds on which to Extend the Period

The Court recognizes that dismissing a motion for two days' tardiness is unfortunate, but finds no grounds on which to grant an extension or overlook the lack of timeliness. The EAJA

---

[3] Circuits are split on whether and when an order should be considered appealable to avoid the burden of case-by-case analysis. *Compare Bryan v. Office of Pers. Mgmt.*, 165 F.3d 1315, 1321 (10th Cir. 1999) (starting the EAJA clock on the day that the APA plaintiff filed a joint motion for voluntary dismissal), *with Scafar Contracting, Inc. v. Sec'y of Labor*, 325 F.3d 422, 431 (3d Cir. 2003) (starting clock when final agency order becomes unappealable, not when issued) and *Impresa Construzioni Geom. Domenico Garufi v. United States*, 531 F.3d 1367, 1372 (Fed. Cir. 2008) (after voluntary dismissal of plaintiff's appeal, EAJA period began at expiration of time to petition for certiorari).

[4] Delaying the start of the clock until after the point at which a party in a similar proceeding could have hypothetically filed an appeal does not, it is urged, improperly expand the limited waiver of sovereign immunity, because it does not increase the amount of any eventual award against the government. *Adams*, 287 F.3d at 190.

does not exist to make every successful suit against an agency free for the complaining party, but rather to prevent hefty legal expenses from deterring individuals and small businesses from seeking review of unjustified government action. *See, e.g.*, *Scarborough*, 541 U.S. at 407 (analyzing legislative history). When it granted Info Labs's motion for summary judgment, the Court found that Defendants acted arbitrarily and capriciously when they inexplicably disregarded substantial evidence in support of Info Labs's visa petition. Mem. Op. at 14. But this does not compel a conclusion that USCIS's action was "unjustified" or "without substantial justification," and Info Labs ultimately obtained the relief it sought.[5] *See FEC v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986). Because Info Labs failed to respond to Defendants' timeliness argument, this is not a situation of manifest injustice or extraordinary circumstances that would prompt the Court to invoke principles of equity over the clear language of a statute, equitably toll the statute, or grant fees outside the purview of the statute. Without Info Labs having provided any justification for doing so, there is no basis on which to allow the Fee Motion to proceed despite the lack of timeliness: even if the deadline can be equitably tolled, it is not indicated here, and no other statutory or common law grounds on which to award Info Labs any fees or costs have been raised.

---

[5] Both parties raise arguments on the substance of the EAJA claim. Info Labs argues that USCIS was "without substantial justification" when it found that Info Labs had failed to show its Computer Systems Analyst was a qualifying "specialty occupation" and denied the H1-B visa petition, and that Defendants' subsequent position in the litigation also lacked substantial justification. *See* Fee Mot. at 7. Info Labs meets the net worth requirements and alleges that the case required specialized experience in immigration law, justifying an award at the market rate. *Id.* at 9–11. Defendants disagree, *see* Opp'n, and further argue that even if their position was not substantially justified at either the agency or court level, the fees that Info Labs requests are excessive and unsupported. *See* Opp'n at 2, 9–17. Because the Court is resolving this motion on the threshold issue of timeliness, it does not address the merits of either party's arguments on the EAJA claim or the amount of fees warranted.

## IV.  CONCLUSION

Info Labs's motion is untimely because it was filed July 31, 2020, after the EAJA's statutory period of thirty days, even when the period is tolled by sixty days to allow time for appeal.  For the foregoing reasons, Plaintiff Info Labs' Fee Motion is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 3, 2020                                           RUDOLPH CONTRERAS
                                                                                            United States District Judge